UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL NO. 06-177-JMH

JOSEPH A. BROWDER, JR.                                             PETITIONER

VS:                        RECOMMENDED DISPOSITION

BLACKBURN CORRECTIONAL
COMPLEX, et al.                                                 RESPONDENTS

\* \* \* \* \*

The District Court referred Joe A. Browder, Jr.'s pending *pro se* § 2254 petition to the undersigned for a recommended disposition. *See* DE## 1 & 15. The Court has reviewed the full record applicable to this matter.

Petitioner is a current Kentucky (and former Illinois) inmate, and he requests that the Court quash a detainer lodged by Illinois authorities premised on an underlying Illinois arrest warrant. The conduct that led to Petitioner's Kentucky drug-trafficking conviction and confinement produced Illinois probation charges, which are the basis for Petitioner's detainer. According to the Illinois Attorney General (Respondent), Petitioner's probation charges and revocation proceeding remain pending in Illinois state court.[1] Therefore, Respondent moves to dismiss the § 2254 petition because

---

[1] In this opinion, the term "Respondent" refers to the Illinois Attorney General. Petitioner also names Blackburn Correctional Complex as a respondent. An application for writ of habeas corpus must name the person who has custody over the petitioner. *See* 28 U.S.C. § 2242; Rule 2(a) of Rules Governing Section 2254 Cases. The warden, noting the absence of a Kentucky interest, made a non-substantive response. *See* DE# 6.

After Petitioner filed the § 2254 petition, Kentucky authorities transferred Petitioner to the Eastern Kentucky Correction Complex (EKCC). *See* DE# 34. As a result, Browder should have amended the § 2254 petition to reflect his current custodian. *See King v. Pennsylvania Bd. of Prob.*

state remedies are unexhausted. *See* DE# 31. Petitioner has responded to the Illinois motion to dismiss, and the § 2254 matter stands submitted. *See* DE# 38. Based on Petitioner's failure to exhaust, the Court recommends that the District Court DISMISS the current petition without prejudice.

Since filing the § 2254 petition, Browder has additionally offered a steady barrage of motions that, in large part, do not relate to the habeas petition. For example, he variously filed: "motion for multidistrict writs mandating reimbursement for excess payment of supervision fees;" "motion for severance and consideration of 42 U.S.C. § 1983 claim;" and, most recently, "motion for replacement of pleadings and for issue of injunction or emergency protective order and for award of damages pursuant to 42 U.S.C. § 1985." *See* DE## 28, 38, & 46. Browder also filed a letter that alleges harassment by Kentucky prison officials and requests, among other things, "investigation by outside legal authorities." *See* DE## 36 & 37.

Petitioner made no effort to properly join, or attempt to join, the additional parties and/or to amend and add the additional claims identified in the cited motions. Moreover, the motions are of doubtful substantive validity. For the reasons stated below, the Court recommends that the District Court DENY all pending motions.

---

*and Parole*, 1990 WL 92535, at *1 n.1 (E.D. Pa. June 28, 1990). Failure to name the petitioner's custodian as a respondent could deprive the habeas court of personal jurisdiction. *See*, *e.g.*, *Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004); *but see West v. State of Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973)("Failure to name a proper respondent is a procedural rather than a jurisdictional defect.") *vacated on other grounds by* 510 F.2d 363 (1975). However, "[c]ourts seldom dismiss" on this ground alone, and "often reach the merits of the petition even when purporting to apply strict rules of pleading." *See West*, 478 F.2d at 1029 n.2. Based on the nature of the Court's ruling, which does not in any manner affect custody, the Court proceeds despite the intervening change in nominal custodian.

## I. Factual Background

On December 29, 2003, Petitioner pled guilty to an Illinois felon-in-possession charge in Lee Circuit Court. *See* DE# 1 Exhibit 9 (Sentencing Judgment); DE# 31 Exhibits B (Guilty Plea) & C (Sentencing Judgment). He received: 120 days imprisonment (with day-for-day credit and credit for time served); a twelve-month term of probation; and thirty hours of community service. *See* DE# 1 Exhibit 9 (Sentencing Judgment); DE# 31 Exhibit C (same). The Illinois state court also assessed Petitioner $180 in probation supervision fees. *See* DE# 1 Exhibit 9 (Sentencing Judgment); DE# 31 Exhibit C (same). The sentencing order provided that Petitioner's probation would expire on December 29, 2004, and the order transferred probation supervisory authority to Kentucky officials. *See* DE# 1 Exhibit 9 (Sentencing Judgment); DE# 31 Exhibit C (same). Kentucky supervision commenced on February 2, 2004. *See* DE# 1 Exhibit 11 (Kentucky Conditions of Supervision Agreement); DE# 31 Exhibit D (same).

In September of that year, Kentucky authorities arrested Petitioner on drug-trafficking charges. *See* DE# 31 Exhibits E (Illinois Probation Revocation Petition) & I (Amended Revocation Petition). A Kentucky circuit court subsequently convicted Petitioner of trafficking in controlled substances within 1,000 yards of a school. *See* DE# 31 Motion to Dismiss Supporting Memo at 1; DE# 31 Exhibit I (Amended Revocation Petition). Petitioner received a ten year sentence of imprisonment on the Kentucky conviction. *See* DE# 31 Exhibit A (Kentucky Correctional Record); DE# 31 Motion to Dismiss Supporting Memo at 1.

In November 2004, Illinois authorities filed a petition in Lee (Illinois) Circuit Court to revoke Petitioner's probation based on the September 2004 Kentucky arrest. *See* DE# 1 Exhibit 1 (Illinois Probation Revocation Petition); DE# 31 Exhibit E (same). The petition also alleged that

Browder owed an unpaid balance of $165 in supervision fees. *See* DE# 1 Exhibit 1 (Illinois Probation Revocation Petition); DE# 31 Exhibit E (same). Illinois authorities requested that the Lee Circuit Court sentence Browder in accordance with the felon-in-possession statute, Petitioner's underlying Illinois criminal conviction. *See* DE# 1 Exhibit 1 (Illinois Probation Revocation Petition); DE# 31 Exhibit E (same).

The Lee Circuit Court issued a summons on December 29, 2004, directing Petitioner to appear on January 18, 2005 and answer the Illinois probation revocation petition. *See* DE# 1 Exhibit 1 (Summons); DE# 31 Exhibit F (same). Petitioner responded by motion and disputed the unpaid supervision fees. *See* DE# 31 Exhibit H-1. Petitioner submitted a second motion in April 2005 that again contested the unpaid supervision fees. *See* DE# 31 Exhibit H-2 (Motion for Release from Probation). The April motion additionally sought a release from probation. *See id*. Petitioner claimed that he had "met all [probation] requirements imposed." *See id*.

On June 13, 2005, an arrest warrant issued on the unresolved Illinois probation charges, which led to the detainer in question. *See* DE# 31 Exhibit G (Arrest Warrant); DE# 31 Exhibit A (Kentucky Correction Record); *see also* DE# 1 Exhibit 3. Petitioner subsequently moved the Lee Circuit Court for "speedy trial and disposition" of the pending Illinois probation charges in September 2005. *See* DE# 1 Exhibit 4 (Speedy Trial Motion); DE# 31 Exhibit H-3 (same). However, Petitioner claims that Illinois officials completely "ignored" his speedy trial motion, and he believes that further efforts in state court would be "futile." *See* DE# 38 Petitioner's Response at 4-5; DE# 1 § 2254 Petition at 4, 7.

Petitioner's unsuccessful efforts in state court evidently led to the instant § 2254 petition, filed on May 31, 2006. *See* DE# 1 § 2254 Petition. Browder argues that:

4

>    a) the Illinois state court lacked jurisdiction over Petitioner's probation because that court transferred supervisory authority to Kentucky officials;
>
>    b) the revocation petition, which seeks resentencing pursuant to the underlying Illinois felon-in-possession statute, violates Petitioner's double jeopardy rights because Petitioner received and served 120 days imprisonment on that charge;
>
>    c) the revocation petition is based on probation conditions that "were not part of the plea agreement" and "not specified in the terms of sentencing," and thus the revocation petition violates Browder's due process rights;
>
>    d) the time served pursuant to the Illinois felon-in-possession conviction exceeded the 120 day sentence, and thus further imprisonment under that conviction would be unlawful; and
>
>    e) the twelve-month probation period ran concurrently with Petitioner's sentence under the proposed plea offer and should have expired in August of 2004, before the September arrest and probation violation.

*See id.* On these grounds, Petitioner requests that the Court quash the Illinois detainer and the underlying arrest warrant. *See id.* at 15.

The Illinois Attorney General moves to dismiss Browder's § 2254 petition because Illinois state proceedings remain pending and Browder's remedies thus are unexhausted.[2] *See* DE# 31 Motion to Dismiss. Respondent claims that Petitioner's April 2005 motion for "release from probation" and his September 2005 "speedy trial" motion did not exhaust state remedies. *See* DE# 31 Exhibits H-2 (Motion for Release from Probation) & H-3 (Speedy Trial Motion). According to

---

[2] Respondent believes that federal habeas relief is available, if at all, only under § 2241, since this matter involves pending charges rather than a state conviction. However, Respondent submits that Petitioner must exhaust state remedies under either § 2254 or § 2241. *See* DE# 31 Motion to Dismiss Supporting Memo at 5. To the extent that the Interstate Agreement on Detainers (IAD) would apply to Petitioner's claims, Respondent suggests that Petitioner must also exhaust IAD procedures. *See id.*

Respondent, Petitioner has not pressed the state court to rule on these motions and also has not pursued state collateral relief. *See* DE# 31 Motion to Dismiss Supporting Memo at 6. Moreover, Illinois authorities filed an amended revocation petition on May 24, 2006. *See* DE# 31 Exhibit I (Amended Revocation Petition). To date, Respondent argues that Browder has not addressed the amended petition in any respects. *See* DE# 31 Motion to Dismiss Supporting Memo at 6.

In response, Petitioner reiterates that the Illinois state court has "ignored" his April and September 2005 motions. As a result, he argues that it would be "futile" and "impossible" to exhaust state court remedies in this matter. Petitioner further claims that he is unaware of the amended probation revocation petition; he contends that the detainer is "adversely affecting" his parole eligibility and potential transfer to a "halfway house;" and he again demands reimbursement on the overpaid supervision fees. *See* DE# 38 Petitioner's Response.

Petitioner also included, in his dismissal response, a "motion for severance and consideration of 42 U.S.C. § 1983 claim." *See* DE# 38. The § 1983 claim alleges that a clerk at the Blackburn Correctional Complex "maliciously" interfered with Petitioner's mail and delayed the filing of Petitioner's § 2254 motion for "five months or more." According to Petitioner, the actions by the mailroom clerk denied Petitioner "access to the courts," caused "extreme emotional distress," and aggravated Petitioner's high blood pressure. *See id.* By that filing, Petitioner seeks to assert a claim directly against a clerk at Blackburn. *See id.*

Kentucky authorities transferred Petitioner to the Eastern Kentucky Correctional Complex (EKCC) in February 2007. *See* DE# 34. The following month, Petitioner filed a letter alleging that he was "being harassed severely" by EKCC officials "as a direct result of [his] being a party in *Browder v. Blackburn Correctional Complex* . . . and two other pending actions." *See* DE# 36

6

Letter. The letter requested, among other things, "investigation by outside legal authorities." *See id*.

Petitioner filed a similar motion in July 2007. According to the motion, Petitioner claims that he is the victim of harassment and intimidation by non-party EKCC officials "designed to interfere with [Petitioner's] access to the courts" and to "prevent or impede [his] litigation." *See* DE# 46 July 2007 Motion. He specifically alleges that EKCC officials confiscated supplies and legal pleadings from his cell on July 7, 2007. Petitioner contends that the harassment is motivated, in part, by Petitioner's race, and he argues that the EKCC warden and grievance coordinator conspired to restrict Petitioner's access to the grievance process because of racial animus. On the basis of these allegations, Petitioner moves for "replacement of pleadings and for issue of injunction or emergency protective order and for award of damages pursuant to 42 U.S.C. § 1985." *See id*.

Below, the Court summarily addresses Browder's § 2254 petition; Petitioner's demand for supervision fee reimbursement; the § 1983 claim; the notification letter; and the motion for injunctive relief and damages pursuant to § 1985.[3]

## II. Analysis

### *a) § 2254 Petition*

Respondent premises its motion to dismiss the § 2254 petition primarily on state exhaustion grounds. State exhaustion, as Respondent contends, ordinarily is a predicate to habeas relief under either § 2254 or § 2241. In § 2254 actions, the statute itself mandates the requirement. *See* 28

---

[3] In its evaluation, the Court does hold Petitioner's filings to "a less stringent standard than those prepared by an attorney." *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Still, the same **rules** apply to all litigants. *See Frame v. Superior Fireplace*, 74 Fed. Appx. 601, 603 (6th Cir. 2003)(noting "significant leeway" afforded pro se litigants, but stating, "those who proceed without counsel must still comply with the procedural rules that govern civil cases").

U.S.C. § 2254(b)(1)(A).  Section 2241 does not contain a similar statutory provision, but federal courts still apply a judicially-crafted doctrine to § 2241 petitions.  *See*, *e.g.*, *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wheat v. Jessamine Journal Newspaper*, 1996 WL 476435, at *1 (6th Cir. Aug. 20, 1996).  Thus, federal law would require exhaustion in this matter, whether Petitioner's habeas action properly proceeds under § 2254 or § 2241.[4] *See Fazzini*, 473 F.3d at 231.

Due to his unsuccessful efforts in state court, Petitioner essentially urges the Court to set aside the exhaustion requirement in this case.  *See* DE# 38 Response.  Petitioner moved for release from probation in April 2005, and he again moved for "speedy trial and disposition" of the charges in September of that year.  *See* DE# 31 Exhibits H-2 (Motion for Release from Probation) & H-3 (Speedy Trial Motion).  The record reflects no action concerning Petitioner's motions by either the Respondent or the Lee Circuit Court.  On the basis of this inactivity, Petitioner contends that further efforts in Illinois state court would be "futile" and that exhaustion is effectively "impossible."  *See* DE# 38 Petitioner's Response at 4-5; DE# 1 § 2254 Petition at 4, 7; *see also Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005)("[A] habeas court should excuse exhaustion where further action in state court would be an exercise in futility.").

In the Court's view, Petitioner misunderstands the posture of the pending Illinois charges.  Federal law only requires a final probation revocation hearing "within a reasonable time after

---

[4]

Respondent also suggests that Petitioner must exhaust IAD procedures.  The Interstate Agreement on Detainers does not apply to detainers based on probation-violation charges.  *See Carchman v. Nash*, 105 S.Ct. 3401, 3406 (1985).  As such, the IAD's procedures do not apply.  *See id*.

[Petitioner] is taken into custody." *See Morrissey v. Brewer*, 92 S.Ct. 2593, 2603-04 (1972).[5]

"Custody," in the probation-violation detainer context, would occur only when Illinois authorities execute the underlying arrest warrant. *See Moody v. Daggett*, 97 S.Ct. 274, 278-79 (1976).[6] Under federal law, Illinois authorities may defer the warrant's execution until after Petitioner's Kentucky sentence expires. *See*, *e.g.*, *Moody*, 97 S.Ct. at 278-79; *see also Davis v. Stine*, 2006 WL 1050069, at *3 (E.D. Ky. April 20, 2006)("There is nothing impermissible in waiting until a parole or probation violator is released from [another jurisdiction's] custody before holding revocation proceedings.").

Thus, Browder's efforts in Illinois state court have been premature or, at least, have not produced exhaustion. Because Petitioner is serving a Kentucky sentence, Respondent is under no obligation at this juncture to execute the warrant and resolve Petitioner's probation-violation charges.[7] At this stage, Petitioner cannot accurately claim that exhaustion would be "impossible"

---

[5] Although *Morrissey* actually involved a parolee, the Supreme Court, in *Gagnon v. Scarpelli*, 93 S.Ct. 1756 (1973), extended the requirements in *Morrissey* to probationers. *See id.* at 1760 ("[W]e hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey*.").

[6] The Court notes that, in this case, the incarcerating authority (Kentucky) and the jurisdiction instituting the detainer (Illinois) are diverse. In comparison, *Moody* involved a single jurisdiction (federal parole authorities had lodged a detainer with federal prison officials), which prompted the Supreme Court to observe: "Whether different issues would be presented by the prospect of adverse action by different and autonomous parole authorities, we need not consider." *See Moody*, 97 S.Ct. at 279. Federal courts that have addressed the issue have applied *Moody* in actions that involve diverse jurisdictions in the probation/parole detainer setting, and the Court follows that authority. *See*, *e.g.*, *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 634-35 (10th Cir. 1991); *United States ex. rel. Caruso v. United States Bd. of Parole*, 570 F.2d 1150, 1155 (3d Cir. 1978); *Hicks v. United States Bd. of Parole*, 550 F.2d 401, 402-03 (8th Cir. 1977).

[7] Unlike probation-violation charges, the Sixth Amendment speedy trial guarantee does extend to detainers based on untried *criminal charges* pending in another jurisdiction. *See Smith v. Hooey*,

9

or "futile."

Rather, the Court finds that state remedies are in fact available, if deferred. Illinois state law accords Petitioner a full and final probation revocation hearing once he is "in custody in [Illinois]." *See* 730 Ill. Comp. Stat. 5/5-6-4(b); 725 Ill. Comp. Stat. 5/103-5(a). After Browder serves his Kentucky sentence, the Court anticipates that Illinois authorities will execute the warrant, obtain custody of Petitioner, and conduct plenary revocation proceedings.[8] *See* DE# 31 Exhibit I (Amended Revocation Petition); *see also* DE# 31 Motion to Dismiss Supporting Memo at 1, 4. According to the Sixth Circuit, Petitioner must complete the revocation hearing provided by state law, and any state appellate review, before seeking federal habeas relief. *See Reece v. Gluch*, 1989 WL 117998, at * 1 (6th Cir. Oct. 6, 1989).

Plainly, Petitioner may disagree with deferral of the revocation hearing, but Respondent's apparent election to defer the hearing complies with federal law. Petitioner also complains that the pending detainer is "adversely affecting" his parole eligibility and his potential transfer to a

---

89 S.Ct. 575, 576-77 (1969). The IAD now regulates the speedy disposition of untried criminal charges in the detainer context. The Act requires a "trial within one hundred and eighty days" after the prisoner requests "final disposition" under the IAD. *See*, *e.g*., 18 U.S.C. App. 2 § 2 art. III(a).

In *Carchman v. Nash*, 105 S.Ct. 3401, 3406 (1985), the Supreme Court ruled that the IAD does not apply to detainers premised on probation-violation charges, and the Court further stated that no independent constitutional right to a "speedy probation revocation hearing" exists. *See id*. at 3409 n. 10 ("This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation revocation hearing."). Thus, no source of federal law requires Illinois to conduct a probation revocation hearing prior to Petitioner completing his Kentucky sentence and the subsequent execution of the underlying Illinois arrest warrant.

[8] Respondent's motion to dismiss indicates that probation revocation proceedings are pending in Lee Circuit Court, and the motion implies that Illinois authorities will resolve the matter after Petitioner completes his Kentucky sentence. State case law reflects that Illinois officials have deferred revocation hearings in the past. *See*, *e.g*., *Bauer v. Illinois State Prisoner Review Bd.*, 145 Ill.App.3d 442 (1986).

"halfway house." *See* DE# 38 Response. However, these purported hardships do not support federal habeas review prior to exhaustion. Federal courts have consistently held that a detainer's adverse effect on parole eligibility and institutional reassignment does not raise due process concerns or require immediate resolution of the underlying probation/parole charges. *See United States ex. rel. Caruso v. United States Bd. of Parole*, 570 F.2d 1150, 1154-55 (3d Cir. 1978); *Hicks v. United States Bd. Of Parole*, 550 F.2d 401, 403-04 (8th Cir. 1977); *Bolden v. Murray*, 841 F.Supp. 742, 746-48 (E.D. Va. 1994); *Gregory v. New York Parole Comm'n*, 496 F.Supp. 748, 750 (M.D. Pa. 1980).

In sum, the instant habeas petition, if allowed to proceed, would bypass the probation revocation hearing provided by Illinois state law, a result that is inconsistent with the Sixth Circuit's charge in *Reece v. Gluch* and the exhaustion requirement. Moreover, no valid justification exists that would support federal habeas intervention at this time. For these reasons, the Court recommends that Browder's § 2254 petition be DISMISSED without prejudice.

### b) "Motion for Multidistrict Writs Mandating Reimbursement for Excess Payment of Supervision Fees"

In the original November 2004 probation revocation petition, Illinois authorities alleged, in part, that Browder owed $165.00 in unpaid probation supervision fees. *See* DE# 1 Exhibit 1 (Illinois Probation Revocation Petition; DE# 31 Exhibit E (same). Petitioner disputed the unpaid balance in at least two subsequent state court filings. *See* DE# 31 Exhibits H-1 & H-2. He claimed that he paid the fees to Kentucky authorities, in accordance with the Illinois sentencing order. Illinois authorities withdrew the unpaid fee allegations in an amended revocation petition submitted on May 24, 2006. *See* DE# 31 Exhibit I (Amended Revocation Petition).

11

Browder filed the instant § 2254 petition approximately one week after the amended revocation petition. The habeas petition referenced the contested supervision fees and included exhibits relevant to that issue, but the fee issue did not appear in any of the five habeas claims. *See* DE# 1. In a motion submitted more than six months after § 2254 petition, Browder sought:

> [I]ssue of multidistrict writs mandating [that] the Lee County Clerk reimburse me immediately for the overpayment of supervision fees referred to in my petition, as verified by attached exhibits.

*See* DE# 28. The motion provided no further information regarding the supervision fees, and it cited no federal authority that would authorize the Court to issue the requested "multi-district writs." *See id*.

Petitioner's motion is difficult to construe. In the absence of an alternative statutory basis, the filing may reflect an effort to amend the § 2254 pleadings, per Rule 15(a) of the Federal Rules of Civil Procedure. The motion plainly references the § 2254 petition, and Browder thoroughly catalogued the fee issue in his habeas response.

According to the *amended* probation revocation petition, however, Illinois authorities have withdrawn the unpaid fee claim. *See* DE# 31 Exhibit I (Amended Revocation Petition). Although a reimbursement issue may remain, the fee dispute does not support Petitioner's detainer and could not lead to future confinement at Petitioner's probation revocation hearing. Because the fee dispute no longer affects Petitioner's current or future custody under state law, the reimbursement issue is not cognizant on habeas review. *See Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 761-62 & n. 1 (5th Cir. 1989)(appending *Murray v. Phelps*, No. 88-3302 (5th Cir. Feb. 3, 1989)).

Furthermore, the motion fails to allege an independent cause of action. Per Rule 8(a), "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the

grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). Petitioner's motion for reimbursement cites no federal authority that would authorize the Court to address the reimbursement issue or grant the requested relief. *See* DE# 28.

Because the motion for reimbursement is not cognizable on habeas review and lacks an alternative jurisdictional basis, the Court recommends that the District Court DENY the motion without prejudice.[9]

### *c) Motion for "Severance and Consideration" of § 1983 Claim*

Browder next included a § 1983 claim to his response opposing habeas dismissal. He alleges that:

> The mailroom clerk of the Blackburn Correctional Complex interfered with my right to access to the courts by impeding my attempts to mail letters by certified mail, thus radically delaying my acquisition of documents necessary for the filing of habeas corpus petition No. 5:06-177-JMH.

*See* DE# 38 Response. As a result, Browder claims that he "suffered denial of access to the courts for five months or more." *See id*. Petitioner moves for "severance and consideration" of the § 1983 claim. *See id*.

According to the Supreme court, prisoners have a constitutional right of access to the courts. *See Bounds v. Smith*, 97 S.Ct. 1491, 1494 (1977). Although limited, the right extends to habeas corpus actions. *See id*. at 1498. To have standing to bring a claim for denial of access to the courts, however, the inmate must establish that he suffered an "actual injury" as a result of the alleged denial. *See Lewis v. Casey*, 116 S.Ct. 2174, 2179 (1996). An "actual injury" occurs when a claim

---

[9] As an alternative basis for rejection, the motion seeks relief against the "Lee County Court Clerk," which is not a party to this action. The Court could offer no relief against a non-party.

"has been lost or rejected," or when the "presentation of such a claim is currently being prevented." *See id*. at 2182; *Winburn v. Howe*, 43 Fed. Appx. 731, 733 (6th Cir. 2002)(quoting *Root v. Towers*, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000)).

Here, Petitioner claims that a prison employee intentionally interfered with his mail, and thus **delayed** Petitioner from filing the instant § 2254 petition "for five months or more." *See* DE# 38 (enumeration of § 1983 claim). Petitioner does not argue that prison employees **precluded** access to federal court, since the habeas petition was filed and stands submitted. Under these facts, case law conclusively shows that no "actual injury" exists.

"Delay in filing legal documents alone does not rise to the level of a constitutional deficiency." *Winburn*, 43 Fed. Appx. at 734; *see also Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002); *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982). Rather, the delay must result in a litigation-related detriment. *See Winburn*, 43 Fed. Appx. at 734 (citing *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996)). Here, no habeas claim "was ever lost or rejected due to the delayed filing," and there is no allegation that the presentation of additional habeas issues "is currently being prevented." *See Winburn*, 43 Fed. Appx. at 734. Because the alleged delay did not prejudice Browder's habeas litigation, Petitioner has suffered no "actual injury" cognizable under § 1983.

Additionally, and as a procedural matter, the Court notes that Petitioner did not properly, or indeed ever, move the Court to a) join an additional party; or b) amend his petition. Browder directs his putative § 1983 claim to the Blackburn "mailroom clerk," but that person is not a party to this action. Nor would the Court have permitted such joinder or the inclusion of such factually unrelated

claims. Rule 20 requires commonality to support proper joinder of parties. Here, the complaints related to Petitioner's § 1983 theory against the mailroom clerk bear no relationship to the merits of the habeas application. As such, even if sought, the Court would not have permitted joinder of the party and the claims.

Based on the substantive criticism under § 1983, the Court finds that the request fails to state a claim upon which relief can be granted, for lack of a cognizable "actual injury." Therefore, the Court recommends that the District Court dismiss the § 1983 request with prejudice, pursuant to 42 U.S.C. § 1997e(c)(1). *See id.* ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted."); *see also Florence v. Peterson*, 2007 WL 1793899, at *1 (D. Colo. June 19, 2007); *Beatty v. Lake County Jail Med.*, 2006 WL 1804591, at *1-2 (M.D. Fla June 27, 2006). Alternatively, based on the procedural flaws in presentation of the claim, the Court would recommend a denial without prejudice for the reasons stated.

> *d) "Motion for Replacement of Pleadings and for Issue of Injunction or Emergency Protective Order and for Award of Damages Pursuant to 42 U.S.C. § 1985."*

Petitioner's latest filing seeks injunctive relief and damages under § 1985. Browder alleges that he is the victim of racial intimidation and harassment, and other retaliation, by officials at the Eastern Kentucky Correctional Complex. Petitioner specifically states that prison officials confiscated supplies and legal pleadings from his cell on July 7, 2007. Petitioner additionally claims that the EKCC warden and grievance coordinator conspired to restrict Petitioner's access to the grievance process because of racial animus. According to Petitioner, he has exhausted administrative remedies in this matter. *See* DE## 46 & 47.

On the basis of these allegations, Petitioner requests an order directing EKCC officials to replace his pleadings. He further seeks an "emergency protective order, injunction, or other appropriate order to remedy this situation of interference with [Petitioner's] access to the courts and intimidation." Last, Petitioner moves the Court "to issue an order initiating complaints pursuant to 42 U.S.C. § 1985 for conspiracy to violate my rights." *See* DE# 46.

Petitioner's motion to replace legal pleadings is essentially a request to remedy alleged violations of Petitioner's right of access to the courts. *See Stein v. Quinn*, 2007 WL 765203, at *5 (W.D. Wash. Mar. 9, 2007)("Plaintiff seeks an order requiring prison officials to return 11 boxes of legal materials or replace the materials contained in the boxes. In essence, this is a request for injunctive relief to remedy alleged violations of his right to access to the courts due to the removal of legal materials.").

Again, Petitioner attempts to present claims against **non-parties**. The § 1985 claim addresses recent alleged conduct by EKCC personnel. Neither EKCC nor any of its representatives is part of this action. Just as in the § 1983 context previously discussed, movant has not asked to amend or join parties; the Court would not permit such, under Rule 20, in this context, which is factually and temporally remote from the habeas claims.

Because the Court cannot fully discern the substantive contours of the claim on this record, the Court recommends that the District Court DENY without prejudice Petitioner's motion to assert a claim under § 1985.[10]

---

[10]

Petitioner's earlier letter alleging harassment and § 1985 violations, and seeking investigation by outside legal authorities, also addresses non-parties and simply is too vague and nonspecific to bear analysis. *See* DE## 36 & 37. To obtain judicial relief, Petitioner must file a proper civil claim naming the appropriate parties. *See* Fed. R. Civ. P. 3, 7, 8, & 10.

### III.  Certificate of Appealability

As to the habeas petition, whether premised on § 2254 or § 2241, a Certificate of Appealability may issue only if Browder has made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  This requires Petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).  In the context of a procedural disposition, as is the case here, the question is whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See id.*  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)(requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability).

Petitioner has not made a "substantial showing" as to any claimed denial of rights.  The Court believes its procedural determination, as to state exhaustion, is not debatable.  As such, Petitioner is not entitled to a Certificate of Appealability on any habeas issue.

### IV.  Recommendation

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court GRANT the Illinois Attorney General's motion to dismiss the § 2254 petition, *see* DE# 31;

2) the District Court DENY, without prejudice, the § 2254 application, *see* DE# 1;

3) the District Court DENY, without prejudice, the motion for "multidistrict writs mandating the reimbursement for excess payment of supervision fees," *see* DE# 28;

4) the District Court DISMISS, with prejudice, the § 1983 claim, for failure to state a claim, or alternatively DENY, without prejudice, the § 1983 claim, for failing to join the appropriate party and claim, *see* DE# 38;

5) the District Court DENY, without prejudice, the motion to assert a claim under § 1985, *see* DE## 46 & 47;

6) the District Court DENY, without prejudice, the letter alleging harassment and § 1985 violations, to the extent that the letter itself requests civil relief, *see* DE## 36 & 37; and

7) the District Court REFUSE a Certificate of Appealability as to all habeas issues.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1) and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. *See also* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.

This the 27th day of July, 2007.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge