UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOE A. BROWDER, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:06-177-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| BLACKBURN CORRECTIONAL | ) | |
| COMPLEX, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

**       **       **       **       ****

This matter is before the Court on the report and recommendation of Magistrate Judge Robert Wier [Record No. 48]. Said action was referred to the Magistrate Judge for the purpose of reviewing the merits of Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and for the purpose of reviewing a number of motions, including the Illinois Attorney General's motion to dismiss the § 2254 petition [Record No. 31]. Petitioner has filed timely objections to the report and recommendation, and the matter is now ripe for decision.

The original § 2254 petition was filed in order to contest a detainer lodged by Illinois authorities premised on probation revocation proceedings pending in Lee County, Illinois. Since that time, Petitioner has filed a number of unrelated motions directed to various parties and non-parties, many of which should have been brought as separate claims. This Court has reviewed the Magistrate Judge's report and recommendation *de novo* and adopts the Magistrate

Judge's summary of the case's factual background as its own.  The Court will address the Magistrate Judge's analysis of the various motions separately.

1.   *§ 2254 Petition*

Having reviewed the Magistrate Judge's findings as to the § 2254 petition, the Court finds them well-reasoned and adopts the Magistrate Judge's analysis as its own.  Since the Petitioner has not exhausted state court remedies, the Court will grant the Illinois Attorney General's motion to dismiss and dismiss the § 2254 petition without prejudice.

2.   *Motion for Multidistrict Writs Mandating Reimbursement for Excess Payment of Supervision Fees*

The Court finds the Magistrate Judge's findings well-reasoned and adopts the Magistrate Judge's analysis as its own.  This Court only assumed jurisdiction over the Illinois Attorney General for the purpose of reviewing Petitioner's *habeas corpus* petition.  To the extent Petitioner has stated a claim for unconstitutional deprivation of his property, which would be cognizable under 42 U.S.C. § 1983, this Court does not have jurisdiction over Lee County, Illinois or the Illinois Attorney General to mandate a return of that property.  Therefore, the Court will deny this motion without prejudice.

3.   *§ 1983 Claim Against the Blackburn Mailroom Clerk*

"All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the

2

alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a). Petitioner's claims against the Blackburn mailroom clerk do not arise out of the same transaction, occurrence, or series of transactions or occurrences as his *habeas corpus* petition. Accordingly, the Court will deny Petitioner's motion for "severance and consideration" of § 1983 claim without prejudice. This claim should have been filed as a separate action.

*4. § 1985 Claim Against Eastern Kentucky Correctional Complex*

Since Petitioner has been moved to the Eastern Kentucky Correctional Complex (EKCC), he should have amended the § 2254 petition to reflect EKCC as his current custodian. *See King v. Pennsylvania Bd. of Prob. and Parole*, 1990 WL 92535, at *1 n.1 (E.D. Pa. June 28, 1990). After the Magistrate Judge issued his report and recommendation, Petitioner moved for leave to amend his *habeas corpus* petition [Record No. 50].

Petitioner has also filed a motion asserting 42 U.S.C. § 1985 claims against EKCC. "A party asserting a claim to relief as an original claim, counterclaim, crossclaim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). Therefore, even though all other

claims fail, Petitioner's § 1985 claim may survive.[1]  This action shall remain referred to Magistrate Judge Wier for a report and recommendation on Petitioner's motion for leave to amend petition [Record No. 50] and its effect on Petitioner's motion for relief under 42 U.S.C. § 1985 [Record No. 46].

*5.  Motion for Reconsideration and Motion to Strike*

Though the Magistrate Judge did not address these motions, the Court will not revisit the decision to enlarge the time within which the Illinois Attorney General was allowed to respond to Petitioner's § 2254 petition.  The Illinois Attorney General cannot be faulted for the delay in serving him with a copy of the petition.  Therefore, the Court will also deny Petitioner's motion for reconsideration and his motion to strike the Illinois Attorney General's response.

Accordingly, **IT IS ORDERED:**

(1) That the report and recommendation of Magistrate Judge Wier [Record No. 48] be, and the same hereby is, **ACCEPTED IN PART AND REJECTED IN PART.**

(2) That the Illinois Attorney General's motion to dismiss [Record No. 31] be, and the same hereby is, **GRANTED.**

---

[1] In the same vein, it appears that Petitioner's March 11, 2007, letter [Record No. 36] may be construed as a motion for contempt.  In any event, since EKCC is (or should be) a party to this action, findings of fact may be necessary as to whether EKCC employees actually did interfere with petitioner's right of access to the courts and as to whether EKCC employees retaliated against the petitioner.

(3) That Petitioner's petition for a writ of habeas corpus [Record No. 1] be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE.**

(4) That Petitioner's motion for multidistrict writs mandating the reimbursement for excess payment of supervision fees [Record No. 28] be, and the same hereby is, **DENIED WITHOUT PREJUDICE.**

(5) That Petitioner's motion for severance and consideration of 42 U.S.C. § 1983 claim [Record No. 39] be, and the same hereby is, **DENIED WITHOUT PREJUDICE.**

(6) That Petitioner's motion for reconsideration of the order granting the respondent an extension of time within which to respond to the petition for writ of habeas corpus [Record No. 28] be, and the same hereby is, **DENIED.**

(7) That Petitioner's motion to strike the Illinois Attorney General's response [Record No. 33] be, and the same hereby is, **DENIED.**

(8) That this matter remains **REFERRED** to Magistrate Judge Robert Wier for a report and recommendation on Petitioner's motion for leave to amend his petition [Record No. 50] and on Petitioner's motion for relief under 42 U.S.C. § 1985 [Record No. 46].

This the 16th day of August, 2007.



**Signed By:**

**_Joseph M. Hood_**

**United States District Judge**