UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JOE A. BROWDER, JR., | ) |
| Petitioner, | ) Civil Action No. 5:06-177-JMH |
| v. | ) |
| BLACKBURN CORRECTIONAL COMPLEX, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Respondents. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Petitioner's Motion for Reconsideration, for Evidentiary Hearing; and Complaint Under 42 U.S.C.A. §§ 1983, 1985 (DN 39), with Motions: to Dispense with Requirement of Form, for Service of Process, and for Leave to Proceed in Forma Pauperis" [Record No. 53]. As discussed below, the Court will also consider Plaintiff's other requests for relief that this Court construes as motions to amend his Petition to allege claims against EKCC and its staff for alleged mistreatment, abuse, and reprisal against Petitioner as a result of his pursuit of various lawsuits, including the present one, against EKCC in state and federal courts [Record Nos. 36, 46, 50, and 53].[1]

---

[1]The court notes that Petitioner has most recently filed a motion requesting that the clerk enter in the record of the present matter a criminal complaint alleging injury to another inmate at EKCC and seeking further relief from this Court [Record No. 55]. Having reviewed the pleading and the criminal complaint filed in the record, the Court remarks that the matter raised in his pleading is unrelated to the allegations raised by Petitioner in his original petition for a writ of habeas corpus [Record No. 1] concerning his sentence and further fails to allege any wrongs

**A.   Petitioner's Motion to Reconsider**

Petitioner's original § 2254 petition was filed in order to contest a detainer lodged by Illinois authorities premised on probation revocation proceedings pending in Lee County, Illinois. Since that time, Petitioner has filed a number of unrelated motions directed to various parties and non-parties, many of which should have been brought as separate claims.

On August 16, 2007, this Court issued an order [Record No. 51] accepting in part and rejecting in part the Report and Recommendation of Magistrate Judge Robert E. Wier. The Court's order dismissed Petitioner's Petition for a Writ of Habeas Corpus, denied Petitioner's motion for multidistrict writs mandating the reimbursement for excess payment of supervision fees, and denied Petitioner's motion for severance and consideration of his 42 U.S.C. § 1983 claim, all without prejudice, and denied other relief as set forth in that order. The Court finally ordered that the matter remain referred to Magistrate Judge Wier solely for consideration of Petitioner's motion for leave to amend his petition to include 42 U.S.C. § 1985 claims against EKCC [Record No. 50] and its effect on Petitioner's motion for relief under 42 U.S.C. § 1985 [Record No. 46]. Petitioner now asks that the Court

---

against Petitioner at all. As he lacks standing to assert the claims alleged, Petitioner's amendment would be futile. Accordingly, the Petitioner's request to amend his Petition to include these claims or any other relief as outlined in his motion [Record No. 55] will be denied.

reconsider its order [Record No. 51].

A motion for reconsideration is considered by the Court as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. *See Helton v. ACS Group,* 964 F.Supp. 1175, 1182 (E.D.Tenn.1997) (*citing Smith v. Hudson,* 600 F.2d 60, 62-63 (6th Cir. 1979)). The purpose of a Fed. R. Civ. P. 59(e) motion is to enable a Court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence. *Id.* at 1182. Thus, the Court will grant relief for said motion under the following circumstances:

> (1) [a]n intervening change of controlling law; (2) [e]vidence not previously available has become available; or (3) [i]t is necessary to correct a clear error of law or prevent manifest injustice.

*Id*. The law is clear in that Fed. R. Civ. P. 59 is not intended to allow a party to "rehash" old arguments, and a party should not file a motion to reconsider for the purpose of relitigating issues already presented before the Court. *Id.*

Petitioner argues that the Court's order failed to consider the merits of his petition, pleadings, and notice of disagreement with the recommended disposition of Magistrate Judge Wier "or any of the arguments and citations made in any of [his] pleadings" with regard to its decision to deny his petition for a writ of habeas corpus without prejudice. [Record No. 53 at 2.][2] To the contrary,

---

[2]Petitioner has also argued that this Court erred in taking six months to issue an order serving his petition on the Illinois Attorney General and in taking fifteen months to rule on his

3

the Court then (as now) considered Petitioner's arguments and the law cited by Petitioner but, in the end, agreed with the Magistrate Judge's recommended disposition of the matter - that the Petition for a Writ of Habeas Corpus should be denied without prejudice, along with Petitioner's other requests for relief.

The Court has now considered its order and declines to alter or amend that portion adopting the lion's share of the report and recommendation of Magistrate Judge Wier. Upon reviewing Petitioner's arguments for reconsideration, the Court notes that the petitioner has not made any allegations regarding a change in the controlling law for this case. Further, the petitioner has not come forth with any new evidence that would impact the outcome of this Court's earlier determination. Finally, a review of the Court's order in light of the arguments made by petitioner reveals no clear error of law or manifest injustice to be avoided.

The Court has, however, determined that it will revisit that portion of its order stating that the matter remains referred to Magistrate Judge Wier for consideration of Petitioner's motion for leave to amend his petition to include 42 U.S.C. § 1985 claims against EKCC [Record No. 50] and its effect on Petitioner's motion for relief under 42 U.S.C. § 1985 [Record No. 46]. Upon reconsideration, this matter shall no longer be referred to

---

petition. The amount of time that has passed is irrelevant to the issues properly considered by this Court upon Petitioner's motion to reconsider on the facts and claims presented in this matter.

4

Magistrate Judge Wier for further consideration. Rather, the Court will take up his motions for permission to assert 42 U.S.C. § 1985 and any other claims not part of his original petition against EKCC and its staff in this matter.

**B. Petitioner's Motions to Amend His Petition**

While "[a] party asserting a claim to relief as an original claim, counterclaim, crossclaim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party" pursuant to Fed. R. Civ. P. 18(a), this case is not an appropriate vehicle by which Petitioner may obtain relief against EKCC for alleged § 1985 and other violations. Rather, as pointed out by Magistrate Judge Wier in his report and recommendation, such claims (including allegations that he has been denied access to stamps and papers necessary to his litigation and that members of the staff have attempted to murder him) are too remote from the 28 U.S.C. § 2254 attack on Petitioner's sentence first raised in this matter to be litigated in the same matter.

Even though "Petitioner's § 1985 claim may survive" if proven, it is clear that the actions alleged in Petitioner's initial request for a writ under 28 U.S.C. § 2254 [Record No. 1] and his subsequent allegations of wrongdoing on the part of EKCC staff do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" or present "a question of law or fact"

5

in common as required for joinder of defendants or claims under Fed. R. Civ. P. 20.  Although Petitioner avers that his very request for the writ [Record No. 1] in this matter was the touchstone for the parade of wrongs and abuses that he has alleged in his subsequent pleadings, any 42 U.S.C. § 1985 claim or other claims against EKCC and its staff for these alleged actions, if viable, are not properly joined in this case.  Petitioner's continued efforts to use this case as a vehicle for relief from all perceived wrongs in his incarceration are inappropriate.  Those claims should be brought in their own time, after presentation to the appropriate authority for administrative review and exhausted prior to being brought to the attention of the courts. Petitioner's motions to amend his Petition shall be denied.

### C.   Certificate of Appealability

Finally, the Court notes that it has considered the matter and is of the opinion that a certificate of appealability should not be issued for the reasons set forth in Magistrate Judge Wier's Report and Recommendation.

Accordingly, **IT IS ORDERED:**

(1)  that Defendants' motion to reconsider [Record No. 53] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART;**

(2)   that this matter is **NO LONGER REFERRED** to Magistrate Judge Wier for further action; and

6

(3) that Petitioner's motions to amend his petition to assert additional claims [Record Nos. 36, 46, 50, 53, 55] be and the same hereby are **DENIED**.

This the 4th day of October, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge

7